```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND


CITY OF ANNAPOLIS             *
                              *
v.                            *   Civil Action No. WMN-14-2558
                              *
EDGAR A. BOWEN, JR. et al     *
                              *
                              *
  *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

Before the Court are motions to dismiss filed by most of the Defendants in this action.  ECF Nos. 7, 9, 10, 17-19, 23, 24, 31-36, 40-49, 51, 52, 54, 56, 57, 59, 62, 67-69, 74-76, 78, 80-82, 84, 86, 94-98, 100-104, 117, 119, 129, and 133. Plaintiff has filed several consolidated oppositions to the motions and some Defendants have filed replies.  The Court finds that the motions are ripe for resolution, that no hearing is necessary, Local Rule 105.6, and that the motions should be granted and this case dismissed.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Unquestionably, the above-captioned case is directly related to litigation that has been pending in the Maryland State court system for over ten years and is still pending before the Circuit Court for Anne Arundel County.  Plaintiff here is the City of Annapolis (the City) and the defendants are a group of retired members (or surviving family members of a

retired member) of the City's Police or Fire Departments (the Retirees).  At issue here and in the State litigation is the amount of the pension benefit to which these Retirees are entitled.  A brief history of this long dispute follows.

The Retirees are all participants in a pension program that provided, in pertinent part, that "[e]ach retired member's pension shall be increased by the same percentage as any increase in the pay scale for members of the same rank and years of service who are on active duty."  See Bowen v. City of Annapolis, 937 A.2d 242, 247 (Md. 2007) (quoting City Code of Annapolis § 3.36.150A1, as it read at the time of decision).  After the City adopted an interpretation of this language which would limit its application to discretionary cost-of-living adjustments granted by the City Council but not to other pay raises received by the active members, the Retirees[1] filed a complaint for injunctive relief in the Circuit Court for Anne Arundel County on October 1, 2002.  Bowen v. City of Annapolis, Civ. No. 02-C-04-95442.  After a detour to exhaust administrative remedies, a decision favorable to the Retirees issued by Judge Ronald Silkworth in the trial court, and a

---

[1] Defendants in this proceeding are not completely identical to plaintiffs in the State proceedings.  Among other reasons for the difference, some of the former retirees have since passed away.  For purposes of this opinion, however, the Court will treat the two classes of litigants as identical and will refer to them collectively as the "Retirees."

2

reversal by the Maryland Court of Special Appeals, the case reached the Maryland Court of Appeals in 2007.

The Court of Appeals found that the plain text of § 3.36.150A1 was "clear and unambiguous," and "means just what it says — retired police officers and fire fighters are entitled to receive increases in their pensions in tandem to <u>any</u> increases in salaries that active police officers and firefighters of the same rank and same number of years of service receive from the City. We can read no other plausible meaning in this sentence." <u>Bowen</u>, 937 A.2d at 258. The Court of Appeals then remanded the case with directions for the Circuit Court to issue a declaratory judgment consistent with that conclusion. On July 16, 2008, Judge Silkworth issued a declaratory judgment incorporating the statutory interpretation of the Court of Appeals and stating that the payment of those pensions increases "is a continuing statutory obligation of the City of Annapolis." ECF No. 32-1 ¶ B (the 2008 Declaratory Judgment).

Due in large part to what has come to be known as the "Great Recession," the active duty members of the City's Police and Fire Departments did not receive any pay increases between July 2009 and July 2013. Therefore, the Retirees received no pension increases during those years. In October of 2013, however, the City entered into Memoranda of Agreement (MOAs) with the unions representing the active police and fire fighters

3

under which the active members would be granted an aggregate 10% increase in pay, phased in through July 1, 2016.  As part of the negotiations that led to the MOAs, the City determined that the Retirees would be granted a fixed two percent annual cost-of-living adjustment (COLA) for this same three year period.  Thus, the Retirees would receive only a 6% pension increase while the active members would receive a 10% increase in pay.

In response, on February 28, 2014, counsel for the Retirees sent a letter to the City's Director of Human Resources calling out the City's actions as unlawful both procedurally and substantively.  ECF No. 1-15.  Procedurally, counsel noted that the negotiations that led to this decision did not include any representative of the Retirees but was an agreement just between the City and the unions representing the active members. Substantively, counsel noted that the City's actions violated § 3.36.150A of the City Code as construed in the Court of Appeals' Bowen decision and in Judge Silkworth's 2008 Declaratory Judgment.  Counsel cautioned that unless the City effected a prompt "make whole" remedy for the Retirees which includes "paying retroactive COLA increases which match those provided to the active Police and Fire members," the Retirees "will seek judicial injunctive enforcement of the Declaratory Judgment." Id. at 5.  On June 6, 2014, the Retirees did just that and filed a "Motion for Enforcement of Declaratory Judgment" in the Bowen

case, in the Circuit Court for Anne Arundel County.  ECF No. 132-1.  On July 24, 2014, the Retirees filed a reply brief in further support of their Motion for Enforcement of Declaratory Judgment.  ECF No. 93-1.  The Retirees argued in that reply brief, apparently for the first time, that, in addition to violating the controlling City Code provision and the 2008 Declaratory Judgment, the City's action also "violates the Contract Clause of the U.S. Constitution."  Id. at 6.

A few days later, on July 28, 2014, the City Council passed Ordinance 24-14 which amended § 3.36.150 to now read, "[e]ffective July 1, 2013 and EACH July 1st thereafter, each Retired Member or survivor of any such Retired Member, entitled to receive a retirement benefit as of June 30th of any year, shall receive a fixed annual two-percent (2%) increase above the amount the Retired Member or survivor had received on June 30th of the same year."  See ECF No. 1-14.  The ordinance further stated that it would take effect on that same date.

Two weeks after that, on August 12, 2014, the City filed this action seeking "a declaratory judgment affirming the constitutionality, under federal and state law," of its just-passed Ordinance 24-14.  ECF No. 1 at 7.  In Count One of the Complaint, the City seeks a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2001, that Ordinance 24-14 does not violate the Contract Clause of the U.S. Constitution.

5

In Count Two, the City seeks a declaration that Ordinance 24-14 does not violate Maryland law.  The City suggests that, pursuant to 28 U.S.C. § 1331, this Court's jurisdiction is proper over Count One because it presents a federal question and that, pursuant to 28 U.S.C § 1367(a), this Court has supplemental jurisdiction over Count Two.  Id. ¶¶ 67, 68.  Defendants have moved to dismiss this action for a variety of reasons, the most obvious being that, given the history recited above, this action is a transparent attempt to do an end run around the pending state court proceeding.

Under the Declaratory Judgment Act, federal courts have discretion in deciding whether to hear a declaratory action.  28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added)); see also Mitcheson v. Harris, 955 F.2d 235, 238 (4th Cir. 1992).  In the exercise of that discretion by the courts, one concern supporting dismissal of declaratory actions is the desirability of having state courts interpret questions of state law.  Mitcheson, 955 F.2d at 238 (citing United Mine Workers v. Gibbs, 383 U.S. 715 (1966)).  Another concern that can favor dismissal is the preference to

6

"resolve all litigation stemming from a single controversy in a single court system." Id. at 239. "For the federal court to charge headlong into the middle of a controversy already the subject of state court litigation risks '[g]ratuitous interference with the orderly and comprehensive disposition of [the] state court litigation.'" Id. (quoting Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942))(alterations in original); see also, New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 297-98 (4th Cir. 2005) (affirming dismissal of declaratory judgment action and opining that the court's discretion is "especially crucial when [] a parallel or related proceeding is pending in state court"). Here, the dispute is clearly a matter of state and local law and has been the subject of longstanding and ongoing proceedings in the state court.

To avoid dismissal, the City makes a rather remarkable argument that the state court proceeding in Bowen "concerns different legal issues and facts than this lawsuit." ECF No. 134 at 1. The City posits that "[t]his lawsuit concerns one issue: whether changes to the COLA [under Ordinance 24-14] for retired police and firefighters participating in the City's police and fire pension plan (the "Plan") are lawful." Id. The City then characterizes the state action as addressing the "sole issue" of "whether or not the City violated the 2008 Declaratory

7

Judgment and the prior version of the City Code when it entered into Memoranda of Agreement with its Unions in October 2013." Id. at 2 . What the City also clearly acknowledges, but then attempts to ignore, is that the "Plan changes" brought about by Ordinance 24-14 are the exact same Plan changes that were "initially embodied" in the Memoranda of Agreement that are the focus of the state action. Thus, it borders on sophistry to argue that this action and the state court action somehow concern different issues and facts.

    For these reasons and consistent with the discretion it possesses under the Declaratory Judgment Act, the Court will dismiss this action. A separate order will issue.

                                   _____/s/_____
                                   William M. Nickerson
                                   Senior United States District Judge

DATED: December 23, 2014